# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEVEN MOSELEY, | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Action No. RDB-18-00810 |
| ADRIENNE WINSTON, et al., | * | |
| *Defendants*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Steven Moseley ("Plaintiff" or "Mr. Moseley") seeks to challenge a child support judgment entered in the Circuit Court for Baltimore City. Plaintiff's similar effort in a prior case was dismissed by this Court on December 7, 2017. (Case No. JKB-17-114, ECF No. 12.) Plaintiff's current lawsuit names three Defendants: Adrienne Winston, Martin McGuire, and Judge Jeffrey Geller – the same three defendants in the prior federal action.

On behalf of Judge Jeffrey Geller and Martin McGuire (together, the "State Defendants"), the Maryland Attorney General's Office filed a Motion to Dismiss for Failure to State a Claim On June 13, 2018. (ECF No. 9.) Mr. Moseley has not responded to the Motion to Dismiss. Having reviewed the motion, no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons set forth below, the Motion to Dismiss (ECF No. 9) is GRANTED, and this case shall be DISMISSED as to all defendants.

**BACKGROUND**

I. **State Child Support Action**

On September 28, 2012, the State of Maryland (represented by Martin McGuire), on behalf of Adrienne Winston, sued Mr. Moseley for child support payments in the Circuit Court for Baltimore City. (Docket Sheet in Case No. 24-P-12-002814, ECF No. 7-3 at 9.) The Summons for Mr. Moseley was served on January 15, 2013, but Mr. Moseley claimed service of process was improper because the Summons was only effective for 60 days from the date of issue, October 16, 2012. (ECF No. 7-2.) Mr. Moseley therefore moved to dismiss the action, but the Circuit Court for Baltimore City denied Moseley's motion on March 27, 2013. (Docket Sheet in Case No. 24-P-12-002814, ECF No. 7-3 at 10.) The Circuit Court proceeded to enter a judgment against Mr. Moseley, and the case was formally closed in November 2014. (*Id.* at 13.)[1] There is no indication that Mr. Moseley filed a direct appeal of the Circuit Court's rulings.

II. **Previous Federal Lawsuit**

In January 2017, Mr. Moseley filed suit in this Court seeking a writ of mandamus against Judge Geller, Martin McGuire, and Adrienne Winston alleging that Judge Geller had violated his equal protection and due process rights by denying his motion to dismiss. *See Moseley v. Winston*, No. JKB-17-114, 2017 WL 371907 (D. Md. Jan. 26, 2017); Case No. JKB-17-114, ECF No. 4. Chief Judge James K. Bredar of this Court *sua sponte* dismissed Mr. Moseley's action, reasoning that "this court does not have original subject-matter jurisdiction over matters concerning child support." *Id.* (citing *Raftery v. Scott*, 756 F.2d 335, 343 (4th Cir.

---

[1] The State Defendants aver that the case closed on November 29, 2014 (ECF No. 9-1 at 4, 11), but the underlying court record appears to reflect a closing date of November 25, 2014 (ECF No. 7-3 at 13). This four-day discrepancy is of no moment.

1985) (domestic relations exception to federal courts' jurisdiction based on idea that state has a stronger, more direct interest)). Judge Bredar also held that Mr. Moseley's requests for relief were barred by the *Rooker-Feldman* doctrine because they amounted to a request for federal court review of a state court judgment. *Id.* at *2 (citing *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity* Trust Co., 263 U.S. 413, 416 (1923)).

In July 2017, Mr. Moseley moved to reopen the case, asserted a new claim, and moved to vacate the prior dismissal order pursuant to Federal Rule of Civil Procedure 60(b)(4). (Case No. JKB-17-114; ECF No. 5.) In that filing, Mr. Moseley conceded that this Court did not have jurisdiction under the *Rooker-Feldman* doctrine, but argued that a due process violation in the Circuit Court for Baltimore City entitled him to relief under Rule 60(b)(4). (*Id.*) On August 4, 2017, Mr. Moseley filed an "Amended – Petition to Re-Open Case Based on New Claim of Relief / Motion to Vacate Judgement as per FRCP 60(B)(4)," which also invoked equal protection as a theory for relief. (Case No. JKB-17-114, ECF Nos. 6, 7.) This Court determined that Rule 60(b) did not authorize motions merely based upon a request for reconsideration, and reaffirmed its earlier ruling, thereby denying Mr. Moseley's petition to reopen. (Case No. JKB-17-114, ECF No. 7 at 2-3.) The Court emphasized that Mr. Moseley's allegation that the Circuit Court violated his due process and equal protection rights is barred by the *Rooker-Feldman* doctrine. (*Id.* at 3.)

In September 2017, Mr. Moseley filed another petition to vacate pursuant to Rule 60(b)(4) attacking the same Circuit Court judgment. This Court determined that this petition, which was initially docketed as a new lawsuit, Case No. JKB-17-2489, was more properly dockets as a post-judgment motion in the previously filed case, Case No. JKB-17-114. Less

3

than three months later, Mr. Moseley filed a petition for voluntary dismissal without prejudice. (Case No. JKB-17-114, ECF No. 11.) This Court granted Mr. Moseley's requested dismissal on December 7, 2017. (Case No. JKB-17-114, ECF No. 12.)

### III. Instant Federal Lawsuit

On March 19, 2018, three months after voluntarily dismissing his first suit, Mr. Moseley filed a Petition to Vacate Judgment as Per FRCP 60(B)(4) in the instant case. (ECF No. 1.) On May 9, 2018, Mr. Moseley filed a "Petition to Vacate Judgment as Per FRCP 60(B)(4) – Amended," requesting in part a preliminary injunction against the enforcement and collection of the void judgment. (ECF No. 4.) On May 9, 2018, this Court denied Mr. Moseley's request for preliminary injunctive relief noting that such relief "would [arguably] void the Circuit Court judgment." (ECF No. 5.)

Mr. Moseley then amended his Petition a second time on May 30, 2018. (ECF No. 7.) This Court will refer to this filing as the operative "Second Amended Complaint."[2] The Second Amended Complaint requests "relief as per Federal Rule of Civil Procedure 60(b)(4) from a judgment (case#24P12002814) entered in violation of constitutional requirements (due process) by the Baltimore City Circuit Court." (ECF No. 7 at 1.) Mr. Moseley's constitutional claim is that the State court judgment is allegedly "void *ab initio* because personal jurisdictional service was 'without effect', which rendered the lower court 'powerless to proceed' to a final decree as per Maryland law." (*Id.*) He alleges that the child

---

[2] Mr. Moseley's original filing in the instant action was not entered as a "Complaint" and was titled, "Petition to Vacate Judgment as Per FRCP 60(B)(4)." (ECF No. 1.) Before serving any Defendant, Mr. Moseley filed a "Petition to Vacate Judgment as Per FRCP 60(B)(4) – Amended" and a second "Petition to Vacate Judgment as Per FRCP 60(B)(4) – Amended" before any responsive pleading was due. (ECF No. 4, ECF No. 7.) While Mr. Moseley never filed a "complaint" (much less an amended complaint) in the instant matter, for purposes of this motion only, Moseley's second filed "Petition to Vacate Judgment as Per FRCP 60(B)(4) – Amended" (ECF No. 7) will be treated as a second amended complaint and will be referred to herein as the "Second Amended Complaint."

4

support order is void because he was absent from the initial child support hearing because he was improperly served. (*Id.* at 4-5.) He reiterates that the State court violated his due process rights by denying his motion to dismiss for improper service and proceeding with the child support matter. (*Id.*)

In terms of relief, Mr. Moseley again seeks a preliminary injunction against the collection of the child support payments, and he also prays that this Court enter a "Declaratory Judgment that the Baltimore City Circuit Court judgment entered was invalid" as well as "an order to remove Maryland State driving restrictions, Credit Reporting Agency restrictions, and all databases that restrict liberties imposed on [him]." (*Id.* at 10.)

On behalf of Judge Jeffrey Geller and Martin McGuire (together, the "State Defendants"), the Maryland Attorney General's Office filed a Motion to Dismiss for Failure to State a Claim (ECF No. 9) on June 13, 2018. The Clerk of this Court sent Mr. Moseley a letter on June 15, 2018 stating that any failure to respond to the Motion to Dismiss within 17 days could result in the dismissal of his action. (ECF No. 10.) Mr. Moseley sought and received an extension of time to serve Adrienne Winston (ECF No. 11, 14), but he has failed to respond to the Motion to Dismiss. Despite the extension, Mr. Moseley has yet to file proof of service on Ms. Winston.

## STANDARD OF REVIEW

As a general matter, when a litigant proceeds *pro se*, their filings should be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

A court grants a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). "When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991), citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). In evaluating a challenge to the court's subject-matter jurisdiction, the district court is permitted to "consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond*, 945 F.2d at 1219.

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In applying this standard, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678-79.

In considering a motion under Rule 12(b)(6), a district court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *accord Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citation omitted). A court may take judicial notice of "docket entries, pleadings and papers in other cases," *Brown v.*

6

*Ocwen Loan Servicing, LLC*, PJM–14–3454, 2015 WL 5008763, *1 n.3 (D. Md. Aug. 20, 2015), *aff'd*, 639 F. App'x. 200 (4th Cir. May 6, 2016); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that "[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records") (quoting 21 C. Wright & K. Graham, *Federal Practice and Procedure: Evidence* § 5106 at 505 (1977)).

## DISCUSSION

The State Defendants argue that this action should be dismissed based upon the statute of limitations, the *Rooker-Feldman* doctrine, various forms of immunity, and insufficient facts to support a plausible claim. (ECF No. 9.) While Ms. Winston has not yet been served, let alone responded to Mr. Moseley's allegations in this lawsuit, the statute of limitations and *Rooker-Feldman* arguments apply with equal force to Mr. Moseley's claims against her.

### I. Statute of Limitations

"A district court may dismiss a [due process] claim as time barred under Rule 12(b)(6) . . . when the untimeliness of the claim is plain from the face of the complaint." *Bailey-El v. Hous. Auth. of Baltimore City*, 686 F. App'x 228, 229 (4th Cir. 2017) (citing *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006) and *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005)). Mr. Moseley's claims are subject to a three-year statute of limitations. *See Bailey-El*, 686 F. App'x at 229 (citing Md. Code, Cts. & Jud. Proc. § 5-101; *Owens v. Baltimore City State's Attorney's Office*, 767 F.3d 379, 388 (4th Cir. 2014)).

Mr. Moseley's own filings reference and attach a certified copy of the docket sheet for the Circuit Court proceeding Mr. Moseley seeks to challenge. (ECF No. 7 at 7; ECF No.

7

7-3 at 7-14.)[3] This record reflects on its face that the child support action in the Circuit Court concluded in November 2014. (ECF No. 7-3 at 13.) This federal action was filed more than three years later on March 19, 2018 (ECF No. 1), and is therefore untimely as to all three Defendants. Mr. Moseley has failed to respond to the Motion to Dismiss, and this Court sees no reason to equitably toll the limitations period. Accordingly, the Motion to Dismiss (ECF No. 9) will be GRANTED, and this action will be dismissed as to all Defendants.

## II. *Rooker-Feldman* Doctrine

Even if the action were timely, the *Rooker-Feldman*[4] doctrine bars this lawsuit. Federal district courts have no jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). As the Fourth Circuit Court of Appeals has explained:

> The *Rooker–Feldman* doctrine generally bars [federal] district courts from sitting in direct review of state court decisions. The prohibition extends not only to issues actually decided by a state court but also to those that are inextricably intertwined with questions ruled upon by a state court. A federal claim is inextricably intertwined with a state court decision if success on the federal claim depends upon a determination that the state court wrongly decided the issues before it.

*Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 717 (4th Cir. 2006) (citation omitted). Moreover, "*Rooker–Feldman* applies where the injury alleged resulted from the state court judgment itself," *Senftle v. Landau*, 390 F. Supp. 2d 463, 469 (D. Md. 2005); *Shooting Point, L.L.C. v. Cumming*, 368 F.3d 379, 383 (4th Cir. 2004) ("*Rooker– Feldman* is implicated" when

---

[3] This Court takes judicial notice of the certified copy of the docket sheet in the Circuit Court proceeding.
[4] The *Rooker-Feldman* doctrine is derived from two Supreme Court cases, *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

"if in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render the judgment ineffectual.") (citation omitted).

In this case, all of Moseley's alleged constitutional injuries stem from the child support proceeding before the Circuit Court for Baltimore City, particularly the Circuit Court's ruling on his motion to dismiss. (ECF No. 7 at 4-5.) Moseley's related requests to bar enforcement and collection of the judgment and to bar the imposition of collateral consequences of the judgment also run afoul of the *Rooker-Feldman* doctrine. The requested injunctive relief in this respect "would render the judgment ineffectual," *Shooting Point,* 368 F.3d at 383. Under the *Rooker-Feldman* doctrine, this Court does not have subject-matter jurisdiction over this action, and this case shall be dismissed as to all Defendants.

As this action shall be dismissed for the two reasons discussed above, this Court need not address the State Defendants' additional arguments. At the very least, however, the Second Amended Complaint (ECF No. 7) utterly fails to allege sufficient factual support for his claims against Ms. Winston and Mr. McGuire. These two individuals are named as Defendants, but there is not a single reference to either of these Defendants in the entire Second Amended Complaint. (*Id.*) The claims against these individuals are therefore subject to dismissal for this additional reason. *Iqbal*, 556 U.S. 662, 678.

## **CONCLUSION**

For the reasons set forth above, the State Defendant's Motion to Dismiss (ECF No. 9) is GRANTED. This action shall be DISMISSED as to all Defendants, and the Clerk of this Court shall CLOSE this case. A separate Order follows.

Date: August 7, 2018   _____/s/_____
Richard D. Bennett
United States District Judge